UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO. 11-009-JJB

SHEDRICK O. McKENZIE, ET AL.

## RULING ON MOTION TO DISMISS INDICTMENT AND MOTION FOR ACQUITTAL OR NEW TRIAL

Before the Court are two post-trial motions filed by defendants Henry Jones and Chikenna Jones, both of whom were convicted on both counts of the indictment charging them with conspiracy to commit health care fraud and conspiracy to pay or receive health care kickbacks. Henry Jones moves to dismiss the indictment (Doc. 179) based on the Double Jeopardy Clause of the Constitution stemming from his prior conviction in *United States v. Ngari, et al.*, No. 10-cr-60-JJB, which he contends was the same conspiracy charged in this case. Chikenna Jones moves for Rule 29 acquittal as to count one of the indictment or for a new trial under Rule 33 (Doc. 180) based on insufficient evidence. The government filed oppositions (Docs. 186, 187). Oral argument on these motions is unnecessary.

I.

Henry Jones has already raised the same issues in this case in a pre-trial motion to dismiss. (*Compare* Doc. 134 *with* Doc. 179). The Court has already ruled on the issues presented in the instant motion and found them lacking. (Ruling on Motion to Dismiss, Doc. 150). There is little need to reiterate this conclusion. Henry Jones was charged in three different indictments with the same two conspiracy counts involving health care fraud—*United States v. Ngari*, No. 10-cr-60-JJB; this case; and *United States v. Jones, et al.*, No. 10-cr-104-JJB. The *Ngari* matter was tried first, and he was convicted on both counts in August 2011. The instant

1

case was tried next, and he was convicted on both counts in November 2011. Jones has recently plead guilty in the *Jones* case. Because the Double Jeopardy concerns raised here only implicated the alleged conspiratorial overlap between this case and the *Ngari* case, his arguments regarding the *Jones* case are irrelevant. The Court weighed the evidence using the *Marable* factors according to Fifth Circuit jurisprudence and found there the *Ngari* case involved a separate conspiratorial agreement than this case. When comparing the two cases, Henry Jones played a different role with a different company involving substantially different characters. Moreover, he joined the ongoing conspiracy in this case relatively late in the game, while in *Ngari* he essentially participated throughout. The Court knows of no jurisprudence which would allow Jones to import, and effectively supplant, the already existent and ongoing conspiracy here with the pre-existing conspiratorial agreement from the *Ngari* case, which ran its course prior in time to Henry Jones' alleged participation in the conspiracy involved here. Accordingly, Jones' rehashing of the same arguments already rejected by this Court compels the same conclusion. (*See* Ruling, Doc. 150).

II.

Chikenna Jones likewise reiterates the Rule 29 motion for acquittal that this Court has already rejected from the bench at trial. (*See* Trial Minute Entry from Nov. 9, 2011, Doc. 159 (denying defendants' Rule 29 motion at the close of the government's case-in-chief)). She also moves for a new trial under Fed. Rule Crim. P. 33. Courts decide motions based on Fed. Rule Crim. P. 29(c) by reviewing the sufficiency of the evidence and determining whether a reasonable jury, when weighing the evidence in the light most favorable to the jury's verdict, could find all elements of the crime proven beyond a reasonable doubt. *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005). "[A] guilty verdict may be sustained if supported only by the

2

Case 3:11-cr-00009-JJB-SCR   Document 188   01/30/12   Page 2 of 4

uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face." *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1123 (5th Cir. 1997) (quotations and citations omitted). Rule 33 permits district courts to "grant a new trial if the interest of justice so requires." Fed. Rule Crim. P. 33(a). While the Court has slightly more latitude to grant this relief than it does to reverse the outcome under Rule 29, a new trial is generally appropriate only where the evidence weighs heavily against the verdict and permitting the verdict to stand would result in a miscarriage of justice. *See United States v. Scroggins*, 485 F.3d 824, 831 (5th Cir. 2007). Because the Court finds the evidence presented at trial easily satisfies both standards, the Court treats both in tandem.

The evidence presented supports the guilty verdict rendered. At trial, the government introduced evidence showing the following facts from which the jury could infer guilt. Chikenna Jones served as the CFO for McKenzie Healthcare Solutions, Inc. beginning in early 2010. She had authority over the bank accounts of the company and wrote checks to patient recruiters for commissions based on the number of Medicare recipients for whom they obtained a prescription for a power wheelchair in conjunction with co-conspiring doctors. The jury heard testimony that Chikenna Jones ran sales meetings and paid kickbacks to the recruiters in the form of the commissions. The jury heard testimony from several putative beneficiaries of McKenzie's products via Medicare submissions for durable medical equipment. Those "patients" testified that the co-conspiring doctors would perform either cursory medical examinations or no examinations at all. Some of them received medically unnecessary equipment, such as the power wheelchairs, even if they did not ask for one and had not received a prescription for one; others testified that they never received the wheelchairs, even though McKenzie submitted Medicare

3

Case 3:11-cr-00009-JJB-SCR   Document 188   01/30/12   Page 3 of 4

claims for them. Several doctors testified that their patients, on whose behalf McKenzie claimed a valid prescription had been written, had in fact never written the prescription McKenzie submitted to Medicare. The jury even heard a wiretapped conversation where Chikenna and Henry Jones discussed ways to bilk Medicare since it "had all the money." When viewing the evidence in the light most favorable to sustaining a conviction, it is clear that a reasonable jury could have rendered a guilty verdict on both counts contained in the indictment.

### III. Conclusion; Order

Accordingly, it is ORDERED that Henry Jones' motion to dismiss the indictment (Doc. 179) is hereby DENIED.

It is further ORDERED that Chikenna Jones' motion for acquittal or a new trial (Doc. 180) also be DENIED.

Signed in Baton Rouge, Louisiana, on January 30, 2012.

                **JAMES J. BRADY, DISTRICT JUDGE**
                **MIDDLE DISTRICT OF LOUISIANA**